UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEE & RUA CO., an Oregon Corporation<br><br>Plaintiff,<br><br>v.<br><br>GREAT AMERICAN INSURANCE CO., a Foreign Corporation; and DIVERSIFIED MAINTENANCE SYSTEMS, INC., a Utah Corporation<br><br>Defendants. | Case No. C07-2069MJP<br><br>ORDER GRANTING STAY AND REFERRAL TO ARBITRATION |

This matter comes before the Court on Defendant's motion to refer to arbitration. (Dkt. No. 9.) After reviewing the moving papers, Plaintiff's response (Dkt. No. 11), and all papers submitted in support thereof, the Court GRANTS Defendant's motion to refer the claim against Defendant Diversified Maintenance Systems, Inc. to arbitration. The Court stays all proceedings in this Court until completion of the arbitration. The parties are directed to submit a Joint Status Report within ten days from the date of the arbitration award or six months from the date of this order, whichever is earlier. The Court's reasoning is set forth below.

**Background**

Plaintiff and Defendant Diversified Maintenance Systems, Inc. ("DMS") entered into a subcontract for services related to a public works project. (Def. Mot. at 2.) DMS has not paid Plaintiff in full on that subcontract and Plaintiff brings a breach of contract claim. (Rua Decl. ¶ 3.) For the prime contract, DMS furnished a Payment Bond with Defendant Great American Insurance Co. ("Great American") as required by 40 U.S.C. § 3131(b)(2). (Rua Decl. ¶ 5.) Plaintiff brings a second claim against Great American because DMS failed to make payment in

ORDER — 1

1  full within ninety days of completion of the subcontract. Plaintiff charges that Great American,
2  DMS's insurer, is obligated under 40 U.S.C. § 3133 (the "Miller Act") to complete the payment.
3  (Rua Decl. ¶ 4.)

4  The subcontract between Plaintiff and DMS has an Arbitration Clause that states: "No
5  party shall have recourse to the courts to settle any dispute or disagreement between the parties
6  arising out of interpretation and/or enforcement of this Agreement without first having submitted
7  the matter to arbitration as herein discussed . . . ." (Def. Mot. at 3.)

8  Great American tendered its defense in this matter to counsel for DMS. (Wand Decl. ¶ 2.)
9  On March 20, 2008, DMS filed this motion to refer to arbitration.

10  **Discussion**

11  The Miller Act provides an exclusive federal cause of action for subcontractors to recover
12  from a prime contractor's insurer in the event that the prime contractor fails to pay the
13  subcontractor. The statute allows waiver of that right if the waiver is: (1) in writing; (2) signed by
14  the person whose right is waived; and (3) executed after the person whose rights are waived has
15  furnished labor or material for use in the performance of the contract. 40 U.S.C. § 3133(c). The
16  parties' Arbitration Clause does not waive Plaintiff's Miller Act right because the subcontract
17  does not conform to the third element. The subcontract was executed on or about March 30,
18  2006, but the performance of the disputed work order took place in October 2006. (Def. Mot. at
19  2.) Additionally, courts have held that a waiver of the Miller Act right of action may only be
20  made in "clear and explicit" terms. See United States ex rel. Walton Tech,, Inc. v. Weststar
21  Eng'g Inc., 290 F.3d 1199, 1209 (9th Cir. 2002). The parties' Arbitration Clause does not
22  mention the Miller Act, and the target of the Miller Act claim is the surety of the prime
23  contractor, Great American, who is not even a party to the subcontract between Plaintiff and
24  DMS.

25  The Court acknowledges Plaintiff's right to bring the Miller Act claim against Great
26  American in this Court. However, Section 3 of the Federal Arbitration Act (9 U.S.C. § 1, et seq.)
27

ORDER — 2

emphasizes the strong federal policy in favor of arbitration by mandating that a federal court stay a proceeding upon application when the proceeding contains an issue referable to arbitration. In such cases, it is appropriate to refer the breach of contract claim to arbitration and stay the Miller Act claim pending completion of the arbitration. See <u>United States ex rel. MPA Constr. v. XL Specialty Ins. Co.</u>, 349 F.Supp.2d 934 (D.Md.2004) (staying a Miller Act claim against a surety while ordering plaintiff subcontractor into arbitration with the general contractor for the underlying claim); <u>United States ex rel. Newton v. Neumann Caribbean Int'l Ltd.</u>, 750 F.2d 1422 (9th Cir. 1985) (finding no abuse of discretion in a district court's orders for a subcontractor and contractor to submit to arbitration and for a stay of the Miller Act proceeding pending completion of the arbitration). Plaintiff's claim against DMS is properly referred to arbitration and the federal court proceedings are stayed pending the arbitration's completion.

**Conclusion**

The Court GRANTS Defendant's motion to refer the claim against DMS to arbitration and STAYS all remaining proceedings in this Court until completion of the arbitration. The parties are directed to submit a Joint Status Report within ten days from the date of the arbitration award or six months from the date of this order, whichever is earlier.

The Clerk is directed to send a copy of this order to all counsel of record.

Dated: April 23rd, 2008.


                                    /s/ Marsha J. Pechman
                                    Marsha J. Pechman
                                    United States District Judge